NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0293n.06

Case No. 23-6011

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>ON APPEAL FROM THE UNITED</td></tr>
<tr><td>v.</td><td>)</td><td>STATES DISTRICT COURT FOR</td></tr>
<tr><td></td><td>)</td><td>THE WESTERN DISTRICT OF</td></tr>
<tr><td>JULIUS COLLINS,</td><td>)</td><td>TENNESSEE</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>OPINION</td></tr>
</table>

**FILED**
Jul 08, 2024
KELLY L. STEPHENS, Clerk

Before: CLAY, McKEAGUE, and READLER, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** Julius Collins pleaded guilty to being a felon in possession of a firearm. In exchange for that plea, the government agreed not to recommend a sentencing enhancement for attempted carjacking. During Collins's sentencing proceedings, however, the district court ordered the government to offer evidence regarding the enhancement, which the district court ultimately did apply. On appeal, Collins argues that the government breached the plea agreement by complying with the court order. We disagree and affirm.

**I.**

Law enforcement attempted to pull Julius Collins over for speeding. After a lengthy car chase, Collins left his vehicle and fled on foot. Brandishing a gun, Collins approached a nearby car stopped in traffic. Before Collins could overtake the driver, however, the vehicle sped away. Collins was arrested not long thereafter.

Following his arrest, Collins was indicted for being a felon in possession of a firearm. He entered into a plea agreement with the government. Collins agreed to plead guilty to the firearm offense and waive his right to appeal his sentence. In exchange, the government agreed to recommend, among other things, (1) no sentencing enhancement for Collins's attempted carjacking, and (2) a sentence at the low end of the Guidelines range.

Nonetheless, when it came to calculating a proposed Guidelines range, the probation office applied an enhancement for attempted carjacking. Collins objected. The government, for its part, reaffirmed that it would not pursue the enhancement.

That put matters in the district court's hands. The district court ordered the government to produce, at the sentencing hearing, "the incident video and complete police report, as well as the presence of the on-scene officers." The government reiterated that it did not believe the enhancement applied but stated it would comply with the order. Collins objected, arguing that the government's contemplated compliance would breach the plea agreement.

At the sentencing hearing, the government, consistent with the district court's order, called the officer present at the traffic stop. The government also offered into the record the officer's body camera footage and police report. Weighing the information before it, the district court agreed with the probation office and applied the enhancement.

The government and Collins both recommended a sentence of 46 months, which fell at the low end of a Guidelines range calculated without the carjacking enhancement. The district court, however, having decided that the enhancement applied, sentenced Collins to 100 months of confinement, the low end of the enhanced sentencing range. Collins timely appealed.

**II.**

Whether the government breached the plea agreement is an issue we review de novo. *See United States v. Estrada-Gonzalez*, 32 F.4th 607, 609 (6th Cir. 2022). We generally treat a plea agreement like a contract, employing "traditional principles of contract law" to interpret and enforce it "according to [its] literal terms." *United States v. Warren*, 8 F.4th 444, 448 (6th Cir. 2021) (citations omitted). If there are any ambiguities in a plea agreement, we construe them against the government. *Id.*

Federal Rule of Criminal Procedure 11 sets forth parameters for pleas. Two provisions of the Rule deserve mention. One is Rule 11(c)(1)(B), which authorizes the government, as part of a plea agreement, to "recommend . . . that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply." But the government's recommendation is just that; it "does not bind the court." Fed. R. Crim. P. 11(c)(1)(B). The other is Rule 11(c)(1)(C), which empowers the government to "agree" in a plea agreement "that a specific sentence or sentencing range" is appropriate, or that a particular provision of the Guidelines does or does not apply. If the government does so, its commitment "binds the court once the court accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C).

Here, the text of the plea agreement unambiguously reflects that the parties were proceeding under Rule 11(c)(1)(B). The plea agreement stated that the government "agree[d] to recommend" (1) that no enhancement be applied for attempted carjacking, and (2) that Collins "be sentenced at the low-end of [the] guideline range." The government's commitment, in other words, was simply to make a recommendation. It did not commit itself to an outcome in a way that would bind the district court in accordance with Rule 11(c)(1)(C). As a result, the district court remained

free to disagree with the government and calculate the Guidelines range differently. *See, e.g.*, *United States v. Golson*, 95 F.4th 456, 462 n.4 (6th Cir. 2024) (noting that the district court is free to calculate the Guidelines differently when there is a Rule 11(c)(1)(B) plea agreement).

That is precisely what happened here. The probation office proposed applying the attempted carjacking sentencing enhancement. The government, consistent with its obligations under the plea agreement, opposed the proposal. The district court then ordered the government to offer evidence about the traffic stop. The government complied, with the caveat that it did not believe the enhancement should apply. Likewise, the government recommended a sentence at the low end of a sentencing range that did not factor in a carjacking enhancement. At every step, the government acted consistently with the text of the plea agreement. Accordingly, we see no breach. *See United States v. Carpenter*, 359 F. App'x 553, 556 (6th Cir. 2009) (concluding there was no breach under similar circumstances).

Collins's citations, *see United States v. Ligon*, 937 F.3d 714 (6th Cir. 2019); *Santobello v. New York*, 404 U.S. 257 (1971), do not move the needle. In *Ligon*, the government, unlike here, ultimately recommended a sentence beyond what it agreed to recommend in the plea agreement, thereby breaching the agreement. 937 F.3d at 719. In *Santobello*, a new prosecutor, unaware of the previous prosecutor's commitment to make no sentencing recommendation, recommended a sentence to the trial court. 404 U.S. at 258–59. Neither case, in other words, has any resemblance to this one.

\* \* \* \* \*

In the end, the government complied with its obligations under the plea agreement. We thus affirm the judgment of the district court.